FILED
U.S. District Court
District of Kansas

OCT 3 1 2023

Clerk, U.S. District Court
By _MAM_ Deputy Clerk

Erika Cordova
26000 Outwest Road
Mount Hope, Kansas 67108
(316) 573-7948

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Erika Cordova, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:23-cv-01233-DDC-GEB |
| | ) | |
| Textron Aviation and/or | ) | |
| Textron Aviation, Inc. | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff Erika Cordova, and for her causes of action against the

Defendant, alleges and states as follows:

## JURISDICTION

1.     This court has jurisdiction of this matter under the provisions of Title VII of the

1964 Civil Rights Act, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981, and 28 U.S.C. §1331.

2.     Prior to the filing of this action, Plaintiff filed a charge of discrimination with the

Kansas Human Rights Commission and Equal Employment Opportunity Commission. Plaintiff

has obtained a notice of right to sue under the federal laws cited above, attached hereto. This

action is timely filed within 90 days of receipt of said Notice.

3.     Plaintiff has exhausted all her administrative remedies.

4.     This court has jurisdiction over the subject matter of this action and the parties.

1

## PARTIES

5.    Plaintiff is a resident of the state of Kansas.

6.    Defendant is and at all relevant times was doing business in Kansas.

## GENERAL FACTUAL ALLEGATIONS

7.    Plaintiff began her employment with Defendant in approximately November, 1997 and is still currently employed with Defendant.  Plaintiff incorporates herein and attaches hereto her Kansas Human Rights Commission complaint and all allegations and counts therein.

8.    Plaintiff  is female, national origin is Mexico and race Hispanic.  Plaintiff filed previous charges of discrimination and complaint of discrimination and harassment internally as well. Plaintiff has suffered discrimination, harassment and retaliation for same, all unreasonably interfering with her performance and creating an abusive work environment due to her sex, and race and national origin, altering significantly her terms and conditions of employment and causing her great pain, suffering, humiliation and emotional distress.

9.    From approximately January, 2022 to June, 2022 Plaintiff was subjected to harassment, in that her Caucasian male supervisor constantly observed her and monitored her actions but did not subject any other similarly situated employees to such observations.

10.    On or about January 13, 2022 Plaintiff was subjected to harassment and intimidation by a Caucasian female Crew Lead, and on January 21, 2022 was subjected to verbal harassment by two female coworkers, in that Plaintiff was subjected to cursing and being called a derogatory name.  Plaintiff reported this incident to the male Weekend Foreman, who then reported it to a female Human Resources Partner.  However, no action was taken.

11. On or about March, 2022 Plaintiff's Caucasian male supervisor denied her request for a mat to put under her work stool for extra support because the stool wobbled side to side while Plaintiff worked.

12. On or about April 27, 2022 Plaintiff was subjected to sexual harassment by her Caucasian male supervisor.

13. On or about May 3, 2022 Plaintiff was subjected to dishonest, incomplete, and inaccurate information regarding her job duties by her Caucasian male Supervisor in an attempt to intimidate Plaintiff and creates issues with her job performance.

14. On or about May 24, 2022 and May 26, 2022, Plaintiff was subjected to the removal of her work duties by her Caucasian male Supervisor who then assigned Plaintiff's work duties to a newly hired male employee with less work experience despite the male employee not being hired to perform the work that Plaintiff performs in an attempt to remove her from her position and award her position to the newly hired male employee.

15. Defendant acted with malice and/or reckless indifference to the federally protected rights of Plaintiff.

16. Plaintiff was subjected to unlawful, unwelcome harassment due to her sex, race and national origin, sex, race and national origin discrimination and for retaliation for her previous internal and external charges and complaints of discrimination.

17. Plaintiff has suffered damages in excess of $75,000 as a result of Defendant's sex discrimination, sexual, racial and national origin harassment, race discrimination, national origin discrimination and retaliation including but not limited to mental anguish, humiliation, embarrassment and emotional distress.

## I. TITLE VII OF THE 1964 CIVIL RIGHTS ACT 42 U.S.C. §2000e et seq.
### (Sex Discrimination, Sexual Harassment, Race, National Origin Discrimination and Harassment and Retaliation)

18.     Plaintiff incorporates paragraphs 1 - 17 above.

19.     For Plaintiff's causes of action under Title VII, Plaintiff prays for judgment to the maximum amount permitted under the law, including, but not limited to, any loss of back pay and benefits with interest, for compensatory and punitive damages to the maximum extent allowable, for attorney fees and expenses, costs and such other and further relief as allowed by law.

## II.  42 U.S.C. §1981 RACE AND NATIONAL ORIGIN DISCRIMINATION, HARASSMENT AND RETALIATION

20.     Plaintiff incorporates paragraphs 1 - 17 above.

21.     For Plaintiff's cause of action under 42 U.S.C. §1981, Plaintiff prays for judgment to the maximum amount permitted under the law, including any loss of back pay and benefits with interest, compensatory and punitive damages, for attorney fees and expenses, costs and such other and further relief as allowed by law.

WHEREFORE, Plaintiff prays for judgment against Defendant for damages including, but not limited to, any lost wages and benefits (past and future), damages for mental anguish, suffering, humiliation, embarrassment, and emotional distress, compensatory damages and punitive damages in excess of $75,000.  Plaintiff further prays for interest, attorney fees, for the costs of this action, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*Erika Cordova*

Erika Cordova, Plaintiff

## DEMAND FOR JURY TRIAL
## AND DESIGNATION OF PLACE OF TRIAL

COMES NOW the Plaintiff and demands a trial by jury, and designates Wichita, Kansas, as the place of trial.

Respectfully submitted,

*Erika Cordova*

Erika Cordova, Plaintiff

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

KHRC Docket No. _____ 43918-23

EEOC Dual-Filed Charge No.* _____ 28D-2022-00166
*(Only for first filed KHRC, second filed EEOC complaints)

On the complaint of

Erika Cordova

                             Complainant,

vs.

                             Respondent,

Textron Aviation and its Representatives

I, Erika Cordova, whose address is 26000 Outwest Rd., Mount Hope, KS  67108

charge Textron Aviation and its Representatives, whose address is One Cessna Blvd., Wichita, KS  67215

With an unlawful practice within the meaning of:

[X] The Kansas Act Against Discrimination (Chapter 44, Art. 10, K.S.A.) and specifically within the meaning of subsection (a)(1) (a)(4) of Section 44-1009 of said Act, because of my:

| | | |
|---|---|---|
| ( ) RACE | (X) SEX | (X) RETALIATION |
| ( ) RELIGION | (X) NATIONAL ORIGIN | ( ) GENETIC INFORMATION |
| ( ) COLOR | (X) ANCESTRY | ( ) FAMILIAL STATUS |
| ( ) DISABILITY, RECORD OF, AND/OR REGARDED AS DISABLED | | |

[] The Kansas Age Discrimination in Employment Act (Chapter 44, Art. 11, K.S.A.) and specifically within the meaning of subsection of Section 44-1113 of said Act, because of my:
( ) AGE        ( ) RETALIATION

Alleged Date of Incident, on or about January 2022, to June 2022.

The aforesaid charges are based on the following facts:

I.     I am female, my ancestry is Hispanic, and my national origin is Mexico.  I have openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.  I have previously filed discrimination complaints against the Respondent, the charge numbers are 40371-19 and 42721-21.

II.    I have been employed by the Respondent since November 10, 1997.  I currently hold the position of Assembly Line Worker.

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

(continued)

KHRC Docket No. _____ 43 9118-23 _____

EEOC Dual-Filed Charge No.* _____ 28D-2022-00666 _____
*(Only for first filed KHRC, second filed EEOC complaints)

A.  From January 2022, to June 2022, I was subjected to harassment, in that my Caucasian male Supervisor constantly observed me and monitored my actions but did not subject any other employees to such observations.

B.  On January 13, 2022, I was subjected to harassment and intimidation by a Caucasian female Crew Lead, and on January 21, 2022, I was subjected to verbal harassment by two female coworkers, in that I was subjected to cursing and being called a derogatory name. I reported this incident to the male Weekend Foreman, who then reported it to a female Human Resources Partner. However, no action was taken.

C.  In March 2022, my Caucasian male Supervisor denied my request for a mat to put under my work stool for extra support because the stool wobbled side to side while I worked.

D.  On April 27, 2022, I was subjected to sexual harassment by my Caucasian male Supervisor.

E.  On May 3, 2022, I was subjected to dishonest, incomplete, and inaccurate information regarding my job duties by my Caucasian male Supervisor in an attempt to intimidate me and create issues with my job performance.

F.  On May 24, 2022, and May 26, 2022, I was subjected to the removal of my work duties by my Caucasian male Supervisor who then assigned my work duties to a newly hired male employee with less work experience despite the male employee not being hired to perform the work that I perform in an attempt to remove me from my position and award my position to the newly hired male employee.

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

(continued)

KHRC Docket No. _____ 43908-23_____

EEOC Dual-Filed Charge No.*  ___28D-2022-00666___
*(Only for first filed KHRC, second filed EEOC complaints)

III.   I hereby charge Textron Aviation and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was subjected to sexual harassment due to my sex, female.   Furthermore, I was subjected to harassment, disparate terms, conditions, and privileges of employment, and removal of work duties due to my sex, female, my ancestry, Hispanic, my national origin, Mexico, and as acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination and for having previously filed discrimination complaints against the Respondent.

I have not commenced any action, civil or criminal, based upon the grievance set forth above, except

*I declare under penalty of perjury that the foregoing is true and correct; and if this document is executed outside the state of Kansas, I declare under penalty of perjury under the laws of the state of Kansas that the foregoing is true and correct.*

*I attest that I am the undersigned Complainant, or if I am not the Complainant, I am the Complainant's attorney at law or other individual who is legally authorized to sign for and on behalf of the Complainant.*

Executed on __6/24/22__
         (Date)

X __Erika M. Cordova__
      (Signature of Complainant)

FILED

JUL 18 2022



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**St. Louis District Office**

Robert A. Young Building
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
St. Louis Direct Dial: (314) 798-1960
FAX (314) 539-7894
Website: www.eeoc.gov

October 30, 2023

Erika Cordova
2600 Outwest Road
Mount Hope, KS 67108

Re:     Charge No. 28D-2022-00666
        Erika Cordova vs. Textron Aviation

Dear Ms. Cordova:

You have advised that you did not receive the Determination and Notice of Rights issued on this case. Enclosed is a copy of the information you requested.

A review of our records shows that you were previously issued a Determination and Notice of Rights concerning the above referenced charge on July 31, 2023. Our records do not reflect whether or not you did previously receive this document. Our records do indicate that the Determination and Notice of Rights was not sent previously to your attorney, Sean M. Dwyer.

Your lawsuit must be filed in federal court within 90 days of your receipt of the right to sue notice. Otherwise, your right to sue based on this charge will be lost (The time limit for filing suit based on a state claim may be different). Your 90-day time period begins with your receipt of the right to sue notice.

We cannot re-issue a right to sue once a right to sue has been issued. Enclosed is a copy of the right to sue document previously issued concerning your charge of discrimination. You should take this letter with you to federal district court along with the right to sue to substantiate your claims with regards to your receipt of a right to sue.

If you have questions or require additional information, you may contact Mr. Joseph Wilson at 314-798-1930.

Sincerely,

**Joseph**
**Wilson**

Digitally signed by
Joseph Wilson
Date: 2023.10.30
09:22:47 -05'00'

for

David Davis
District Director

cc:     Sean M. Dwyer
        Law Office of Sean M. Dwyer
        121 S. Whittier
        Wichita, KS 67207

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/31/2023

**To:**   Erika Cordova
26000 Outwest Rd.
Mount Hope, KS 67108

**Re:**   Erika Cordova v. TEXTRON AVIATON
EEOC Charge Number:  28D-2022-00666

EEOC Representative and email:     Joseph J. Wilson
State, Local & Tribal Program Manager
Joseph.Wilson@EEOC.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination:  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:  David Davis  7/31/2023
David Davis
Acting District Director

cc:    Van Halley
Joyce Maurer
Senior Associate General Counsel
Textron Aviation
One Cessna Blvd.
Wichita, KS 67215

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.